**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TONY LAMAR VANN, as trustee of
the Estate of Viola Elizabeth Ebbs,
a/k/a Viola Brown, and as trustee of
the Mary Vann Irrevocable Trust,

    Plaintiff - Appellant,

v.

VIEANA ROSE EBBS, as
administrator of the last will and
testament of Viola Elizabeth Ebbs;
JUDGE CARL G. GIBSON; STATE
OF OKLAHOMA,

    Defendants - Appellees.

No. 26-5048
(D.C. No. 4:26-CV-00189-JDR-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT\***
_____

Before **TYMKOVICH**, **PHILLIPS**, and **FEDERICO**, Circuit Judges.
_____

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Tony Vann originally sued Vieana Ebbs in Oklahoma state court to contest the will of Viola Ebbs. He has twice, however, attempted to remove his own lawsuit to federal court. The first time Vann attempted to remove, the district court sua sponte remanded the case to state court for lack of federal jurisdiction. But the second time around, Vann had also added a state court judge as a defendant. Upon removal, he argued that the federal district court properly had jurisdiction over the case "because it is a civil action commenced against an 'officer of the courts of the united states, for or relating to any act under color of office or in the performance of his duties.'" R. at 6 (quoting 28 U.S.C. § 1442(a)(3)). The district court again remanded the case to the state court, warning Vann "that if he files similarly frivolous notices of removal in the future he may be subjected to filing restrictions." R. at 66–67. This timely appeal followed. Nonetheless, we lack jurisdiction over the appeal and therefore dismiss it.

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). "If the district court stated that its remand was based on a lack of subject matter jurisdiction and that basis 'is colorably characterized as subject-matter jurisdiction, appellate review is barred by

§ 1447(d).'" *Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1224 (10th Cir. 2012) (quoting *Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224, 234 (2007)).

Here, Vann purported to remove this case to federal court pursuant to 28 U.S.C. § 1442(a)(3), which permits removal when a federal judicial officer is sued. But Vann sued a state court judge, and the district court concluded that "state-court judges are not 'federal officials'" within the meaning of Section 1442. R. at 66 (quoting *Steinmetz v. Steinmetz*, 2008 WL 5991009, at *11 (D.N.M. Aug. 27, 2008)). The district court's conclusion explicitly touches on its subject-matter jurisdiction and our review is therefore barred. 28 U.S.C. § 1447(d). Vann's three-page brief on appeal offers no contrary argument. *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (arguments not raised or inadequately briefed are waived and need not be considered). No amount of liberal construction can salvage Vann's appeal. *De Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). DISMISSED.

Entered for the Court

Richard E.N. Federico
Circuit Judge

3